FILED
JUL 29 2008
JUL 29, 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

United States, Plaintiff
v.
Daniel Hill, Defendent

07 CR 843
Case No. 07 CR 843
Hon Judge Joan Lefkow

## MOTION IN LIMINE REGARDING OTHER CRIMES AND OTHER BAD ACTS AND BRIEF IN SUPPORT

Comes now Daniel Hill pro se under neccesity and respectfully and Humbly moves this court to enter an order granting the below listed motion.

This motion is based upon the instant motion, the statement of facts (those facts were based upon Government reports heretofore provided to date, and would be subject to amplification and/or contradiction at an evidentary hearing) and memoradum of athorities, the files and records in the above entitled cause and any and all matters that may be brought to this court's attention prior to or at the time of the hearing of these matters.

In United States v. Shackleford, 738 F 2d 776 (7th Cir. 1984) citing 2 J. Weinstein and M. Burger, supra, paragraph 404[3] footnot omitted, said a defedent cannot be identified as a perpetrator of the charged acts simply because he has ~~also~~ at other times committe the same commonplace variety of criminal acts except by reference to the forbidden inference of propesity. The question for the court is wether the characteristics releid upon are sufficiently Idiosyncratic to permit the inferce of pattern for the purpose of proof".

The Government must come forward and meet its burden of proof and show the reliability of this "evidence"

before the court can make an appropriate evaluation. once it doe<u>Daniel Hill</u> is satisfied that it will fail in its effort. <u>Daniel Hill</u> wishes to be tried on the facts of this case and not on other "events" that lack credibility, proof, reliability, and inherent relevance. The stakes are far too high to permitt anything less. With out such "evidence" the Government may have a far more difficult time in proving its case, and that is ~~~~ why it are seeking to bolster its allegations.

The ninth Circuit Court of Appeals has recently re-affirme that other acts evidence is guilt or innocence of the acused must be establised by evidence relevant to the particular offense being tried, not by showing that the defendent has engaged in other acts of wrong doing. <u>United States v. mayans</u> 17 f 3d 1174 (9th cir. 1994).

## Conclusion III

Based upon the forgoing, Daniel Hill respectfully requests this honorable court to enter an order precluding the Governmer from offering evidence of any other events other than those charged in the indictment.

<u>Submitted Respectfully</u>

D.P Hp
<u>Daniel Hill</u>