United States District Court
Northern District of Illinois
Eastern Division

**FILED**
JUL 2 9 2008
JUL 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States } Plaintiff
v.
Daniel Hill } Defendent

07 CR 843
Case No. 07 CR843
Hon Judge, Lefkow, Joan

11

Daniel Hill the defendent (prose) moves the court to exclude statments the government cotends are admissible against each of the named defendents under Fed. R. Evid. 801(d)(2)(E). This motion is based upon the memoradum in support of motion to exclude Co-conspirators.

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE ALLEGE CO-CONSPIRATOR'S STATEMENTS

A co-consprAtor's statement is admissible under fed.R. Evid.801(d)(2)(E) to show a defendents participation in a conspiracy. United States v. Peralta 941 F.2d 1003, 1007 (9th cir. 1991). However

(b)efore admitting a statement of a co-conspirator into evidence against a defendent, the court must have independent evidence of existence of a conspiracy and the defendent's connection to it, and must conclude that the statements made was both during and in furtherance of the conspir. United States v. Layton, 720 F 2d 548, 555 (9th cir. 1983), and Peralta, 941 F.2d at 1007. This requires the to government prove three essential elem by a preponderance of the evidence before a co-conspirator's statement admitted: (1) The existence of a conspiracy; (2) the declarant and the non "offering party" Daniel Hill are involed in a conspiracy; and (3) the statements are made during the course and in furtherance of the conspiracy. Bourjaily v. United States, 107 S. Ct. 2775 2778 (1987).

Although a pretrial evidentiary hearing is not mandated, such hearing is requested here because of the number of statements involved. See

Bourjaily, 107 S.Ct at 2779 n 1; United States v. Tamez, 941 F 2d 770, 775 (9th Cir. 1991); but see United States v. James, 590 F 2d 575 (5th Cir 19?) (suggesting that a pretrial determination is appropriate). Without a pretrial hearing on the addmission of the statements a tremedous amout of court time will be used which will disrupt an orderly presentati of this trial.

### Proof of Conspiracy

To prove conspiracy the goverment must show (1) an agreement to accomplish an illegel objective, (2) one or more overt acts in furtheran of the illegal objective, and (3) the required intent to carry out the substantive offense. United States v. Schmidt, 947 F. 2d 362, 367 (9th Cir. 1991); United States v. Penagos, 823 F 2d 346 348 (9th Cir. 1987); an(d) and, United States v. Melchor-Lopez 627 F 2d 886, 890 (9th Cir 1980). There need not be direct evidence of an agreement, circumstantial evidence may suffice to show the existence of an agreement. Inference of an agreement may be made "if there be concert of action, all the partie working together understandingly, with a single design for the accomplismer of a common purpose." Melchor-Lopez 627 F. 2d at 890-891. It is not necessary that all of the specifics be worked out to prove an agreeme United States v Pemberton, 730 F 2d 730, 733 (9th Cir. 1988).

The alleged statements themselves are not sufficent to establi
There.                      a Conspiracy.
There must be some independent evidence of a conspiracy in addition to the statements, before co-conspirator's statements can be admitted. James, 941 F 2d at 775; and United States v Gordon, 844 F 2d 1397, 140 9th Cir. 1988)

Proof of the declarant and the defendent's connection to the conspiracy

Once a agreement is shown, evidence of a defendent's slight connection to the conspiracy is sufficient to prove knowing participation. United States v Dunn, 564 F2d 348, 357 (9th Cir. 1977) "Knowledge of the objective of the conspiracy" is material to a conspiracy conviction. Schmidt, 947 F2d at 367.

[M]ere association with members of a conspiracy, the existence of and opportunity to join the conspiracy, or simple knowlegde approval of, or acquiescense in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a consirator. Melchor-Lopez, 627 F2d at 890. Furthermore, family ties or other close associations are not enough to establish a conspiracy. United States v Castanda, 9 F.3d 761 (9th Cir. 1993).

Proof of Statements

The statements must demonstrate a concert of action between the defendent and the declarant. United States v Layton, 885 F2d 1388, 1398 (9th Cir 1988). The statements must be made (1) during the course of the conspiracy, and (2) in furtherance of the conspiracy. United States v Arias-Villanueva, 998 F2d 1491, 1502 (9th Cir 1993)

During the course of the conspiracy

Statements made after the conspiracy ceases or made after arrest are not statements made during a course of conspiracy. See United States v Smith, 623 F2d 627 (9th Cir 1980). However, statements of co-conspirator's prior to the defendent's entry in the conspiracy are admisable as long as it is shown that the defendent is aware of the conspiracy's features and general aims. United States v Mikhsic, 5 F3d 1306, 1312 (9th Cir 1993)

Mere conversations or narrative declaration of past events are not addmissible" under Fed. R. Evid. 801(d)(2)(E). Arias-Villanueva, 998 F2d at 150 and United States v Yarbrough, 852 F2d 1522 (9th Cir 1988). The statements must further the common goals of the conspiracy. Yarbrough, 852 F2 at 1535. Hence, the statements must be made to induce enlistment, futher participation, prompt further action, allay fears or keep co-conspirators abreast of an ongoing conspiracy's activities Arias-Villanueva, 988 F2d at 1502 (citation om

Here the court must be satisfied that each defendent was connected to agreement, before determining whether any of the statements are admissable. It is therefore requested that the court require the government to proffer its proof as to the existence of th conspiracy and proffer how each of the Fifthteen defendent are members of that conspiracy. Should the Court determine that the government can show by a preponderance of evidence that a pertain to each statement.

(Prose Under Neccesity)

Respectfully Submitted

D.C Hill
Daniel Hill